**SHAW INDUSTRIES, INC., Mohasco Corporation, Queen Carpet Corporation, and Tice Yarns, Appellants,**

**v.**

**The UNITED STATES, Appellee.**

**Appeal No. 83-641.**

United States Court of Appeals, Federal Circuit.

May 27, 1983.

Mark R. Eaton, Washington, D.C., argued for appellants. With him on the brief were John B. Rehm and Elliott Goldstein, Washington, D.C.

Madeline B. Kuflik, New York City, argued for appellee. With her on the brief were J. Paul McGrath, Asst. Atty. Gen., David M. Cohen, Director and Joseph I. Liebman, Atty. in Charge, Intern. Trade Field Office, New York City.

Before BENNETT, JACK R. MILLER and EDWARD S. SMITH, Circuit Judges.

JACK R. MILLER, Circuit Judge.

This case is before us on appeal by Shaw Industries, Inc., from the judgment of the Court of International Trade, 4 CIT —, 554 F.Supp. 1240 (1982), on stipulated facts, sustaining the Government's classification of Shaw's imported machinery under Tariff Schedules of the United States (TSUS) item 670.43 and rejecting Shaw's claimed classification under TSUS item 670.12. We affirm.

Familiarity with the facts set forth in the opinion below is presumed.

The pertinent statutory provisions, found in TSUS, Schedule 6, Part 4, Subpart E, are set forth below:

SCHEDULE 6.—METALS AND METAL PRODUCTS

Part 4.—Machinery and Mechanical Equipment

Subpart E.—Textile Machines; Laundry and Dry-Cleaning Machines; Sewing Machines

[Classified]:

Machinery for washing, cleaning, drying, bleaching, dyeing, dressing, finishing or coating textile filaments, yarns, fabrics or made-up textile articles . . . and parts of such machinery:

670.43    Other ........................ 8% ad val.

[Claimed]:

670.12    Textile reeling or winding machines; textile beaming, warping, or slashing machines, and other textile machines for preparing yarns to be woven, knit, braided, or otherwise made into textile fabrics or other textile articles ..... 7% ad val.

Pertinent general interpretative rules are as follows:

10.(c) an imported article which is described in two or more provisions of the schedules is classifiable in the provision which most specifically describes it . . .

10.(d) if two or more tariff descriptions are equally applicable to an article, such article shall be subject to duty under the description for which the original statutory rate is highest . . . .

The Court of International Trade concluded that appellants' imported machinery, the Superba, is a textile finishing machine, thus falling within the item 670.43 classification; further, that the Superba is a textile preparing machine, thus falling within the item 670.12 classification. However, the court held that item 670.43 more specifically describes the Superba than item 670.-12, because a machine may only be considered a finishing machine where it performs the last or final process during a particular stage of production; whereas, a machine may be considered a preparing machine during any phase of any stage of production. Therefore, the court reasoned, the possible number of preparing machines is "infinitely large" in comparison to the possible number of finishing machines.

In considering the relative specificity of items 670.12 and 670.43 with respect to the Superba, more is required than a mere comparison between "finishing" machines of item 670.43 and "preparing" machines of item 670.12, because additional words applicable to the Superba are involved in the statute. Thus, item 670.43 relates to other textile machines for "finishing ... yarns" *generally,* and these "comprise a *multitude* of fibers or filaments that have been separated, made parallel, overlapped, and twisted together." (Emphasis added.)[1] In contrast, item 670.12 relates to other textile machines for "preparing yarns to be ... made into textile fabrics," which is a more specific end use and, therefore, would more specifically describe the Superba, which prepares yarns to be made into tufted carpet *exclusively.* Counterbalancing this is the Government's point that "preparing" relates to any phase of any stage of production and that this less specifically describes the Superba. However, we note that "finishing" by the Superba has at least five phases according to the stipulation: presteaming, heat setting, drying, cooling, and winding onto cones or cylinders. Also, the following quotation from Kirk-Othmer, 22

Encyclopedia of Chemical Technology 769 (3d ed. 1983) is persuasive that "finishing" is a much broader description than found by the Court of International Trade.

The principal classes of textile fibers and fabrics include cellulosic, synthetic, protein, glass, and blends. Because of the great differences in the chemical and physical nature of these fibers, finishing processes vary widely among classes and, to a lesser extent, within each class. Mechanical, heat-related, and chemical treatments have been developed over the years since the first attempts to convert fibers into yarns and then into a fabric.

Animal and plant fibers have been used for thousands of years, but the introduction of synthetic fibers into consumer use after World War II caused the most dramatic change in the finishing of natural fibers....

Thus, the general topic of textile finishing is very broad, for there are at least ten commercially important textile fibers today, and finishing processes enhance a wide variety of properties including crease retention, ease of care, dimensional stability, abrasion resistance, flame retardance, smolder resistance, odor control, soil release, variable moisture contents, and control of static charges, stretch, water repellency, waterproofing, and resistance to weathering (including sunlight and microorganisms), as well as improving the hand (or feel) and surface appearance of fabrics....

From all the foregoing, it appears that the specificity of items 670.43 and 670.12 with respect to the Superba may be considered equal. Therefore, in accordance with General Interpretative Rule 10(d), we hold that item 670.43, providing for an original statutory rate of duty higher than item 670.12, applies.[2]

AFFIRMED.

---

[1]. 13 McGraw-Hill Encyclopedia of Science and Technology 547 (1977).

[2]. The statutory rate of duty was 16% for item 670.43 and 14% for item 670.12 when TSUS became effective in 1963.